IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD RAMOS, | ) |
| Plaintiff, | ) CIVIL ACTION NO.: |
| v. | ) JURY TRIAL DEMANDED |
| LAZER SPOT, INC. | ) |
| Defendant | ) *Electronically Filed* |

## COMPLAINT

Plaintiff, EDWARD RAMOS, a resident of Lackawanna County, Pennsylvania, by and through his attorneys, brings this civil action for damages against the above named Defendant, LAZER SPOT, INC., demands a trial by jury, and complains and alleges as follows:

### JURISDICTION AND VENUE

1. Jurisdiction of the claims set forth in this Complaint is proper in this judicial district pursuant to 28 U.S.C. §§1331 and 1343.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to these claims occurred in this judicial district.

## THE PARTIES

3. Plaintiff, Edward Ramos ("Mr. Ramos"), is a male adult individual residing at 74 Elderberry Drive, Thornhurst, Lackawanna County, Pennsylvania 18424.

4. Defendant, Lazer Spot, Inc. ("Lazer Spot"), is a Georgia corporation maintaining a home office address at 6525 Shiloh Road, Suite 900, Alpharetta, Georgia 30005.

5. Lazer Spot provides yard management services in North America, working at over 400 sites in the United States and Canada for leading manufacturers and retailers.

6. At all times relevant and material hereto, Lazer Spot maintained a business operation located at 300 Enterprise Way, Pittston, Luzerne County, Pennsylvania 18643.

7. At all times relevant and material hereto, Lazer Spot employed in excess of 500 people.

## ADMINISTRATIVE PROCEEDINGS

8. On or about February 7, 2022, Mr. Ramos filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), which was docketed as Charge No. 530-2022-02472.

2

9. Mr. Ramos has been advised of his right to sue in federal court, which notice was received on or about September 12, 2022.

10. All necessary and appropriate administrative prerequisites to this action have occurred.

## STATEMENT OF FACTS

11. Mr. Ramos, who is Hispanic, worked for Lazer Spot as a truck driver for about two years in Elizabeth, New Jersey, where he thrived and worked without incident.

12. Mr. Ramos's job duties typically involved being a "yard jockey," meaning that he would move trucks around a specific parking lot, consistent with Lazer Spot's primary function of providing yard management services.

13. In or about October 2021, Mr. Ramos transferred from New Jersey to Lazer Spot's facility in Pittston, Pennsylvania.

14. Following his transfer to Pittston, Mr. Ramos was the only Hispanic employee at that location, and he was subjected to a hostile work environment on the basis of his race and color for the entirety of his tenure in Pittston, until he was terminated on or about December 6, 2021, under pretextual reasons.

15. From his first days in Pittston until his last, Mr. Ramos was subjected to harassment from other employees, all of whom were non-Hispanic.

3

16. About three weeks prior to his termination, Mr. Ramos specifically complained to his manager that he was being subjected to a racially hostile work environment.

17. Unfortunately, rather than address Mr. Ramos's concerns, the managers in Pittston terminated Mr. Ramos under the false pretense that he had pulled out a trailer from the docks when there was a red light.

18. Mr. Ramos denied the allegation, and specifically asked to see the video evidence, which was denied.

19. The work conditions Mr. Ramos was forced to endure and his ultimate termination were in violation of Title VII of the Federal Civil Rights Act of 1964, 42 U.S.C. §2000e et seq., as amended ("Title VII"),  and 42 U.S.C. §1981 ("Section 1981"), which prohibit discrimination and in the work place on the basis of race and color, and which prohibit retaliation for good faith complaints of discrimination.

### COUNT I
### TITLE VII VIOLATIONS
### RACE AND COLOR DISCRIMINATION AND HARASSMENT

20. The averments in all prior paragraphs are incorporated by reference as though fully set forth herein.

21. Lazer Spot created, permitted, tolerated, encouraged and fostered a racially discriminating, demeaning, degrading and demoralizing environment,

which hostile environment was ongoing and pervasive during Mr. Ramos's employment with Lazer Spot in Pennsylvania.

22. As a consequence of the hostile environment supported and encouraged by Lazer Spot's actions and failures to act, Mr. Ramos was subjected to emotional distress, humiliation, ridicule and a negative effect on his work product and ability to fully and effectively perform his job duties and responsibilities, all of which manifested itself in mental and physical distress, injury and damage.

23. As a result of the hostile environment, Mr. Ramos has suffered emotional distress and a loss of self-respect and confidence, and he has been subjected to great damage to his career and professional standing.

24. The actions of Lazer Spot set forth above constitute violations of Mr. Ramos's federal civil rights under Title VII.

**WHEREFORE**, Plaintiff Edward Ramos seeks the damages set forth in the *Ad Damnum* clause of the instant Complaint, infra.

### COUNT II
### TITLE VII VIOLATIONS
### RETALIATION

25. The averments in all prior paragraphs are incorporated by reference as though fully set forth herein.

5

26. As set forth above, Mr. Ramos was terminated from employment in retaliation for his good faith complaints of discrimination, in violation of his federal civil rights under Title VII.

27. Lazer Spot's wanton and willful acts of retaliation against Mr. Ramos have caused him to suffer a loss of earnings and other economic loss, as well as emotional distress and a loss of self-respect and confidence, and he has been subjected to great damage to his career and professional standing.

**WHEREFORE**, Plaintiff Edward Ramos seeks the damages set forth in the *Ad Damnum* clause of the instant Complaint, infra.

## COUNT III
## VIOLATIONS OF 42 U.S.C. §1981
## RACE AND COLOR DISCRIMINATION AND HARASSMENT

28. The averments in all prior paragraphs are incorporated by reference as though fully set forth herein.

29. At all times relevant herein, Mr. Ramos maintained or sought to maintain a contractual relationship with Lazer Spot (i.e., an employment relationship).

30. At all times relevant herein, Lazer Spot acted by and through its agents, servants, and employees, to intentionally discriminate against Mr. Ramos on the basis of his race and thereby deny him the benefits of the contractual relationship he had entered into with Lazer Spot.

31. Mr. Ramos has suffered damages as a direct result of Lazer Spot's unlawful actions as aforesaid.

**WHEREFORE**, Plaintiff Edward Ramos seeks the damages set forth in the *Ad Damnum* clause of the instant Complaint, infra.

### COUNT IV
### VIOLATIONS OF 42 U.S.C. §1981
### RETALIATION

32. The averments in all prior paragraphs are incorporated by reference as though fully set forth herein.

33. At all times relevant herein, Mr. Ramos maintained or sought to maintain a contractual relationship with Lazer Spot (i.e., an employment relationship).

34. As set forth above, Mr. Ramos was terminated from employment in retaliation for his good faith complaints of race and color discrimination, in violation of his federal civil rights under Section 1981.

35. Lazer Spot's wanton and willful acts of retaliation against Mr. Ramos have caused him to suffer a loss of earnings and other economic loss, as well as emotional distress and a loss of self-respect and confidence, and he has been subjected to great damage to his career and professional standing.

**WHEREFORE**, Plaintiff Edward Ramos seeks the damages set forth in the *Ad Damnum* clause of the instant Complaint, infra.

## *AD DAMNUM* CLAUSE/PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff, Edward Ramos, prays that the Court enter judgment in his favor and against the Defendant, Lazer Spot, Inc., and that it enter an Order as follows:

a. The Defendant is to be permanently enjoined from discriminating or retaliating against the Plaintiff on the basis of his race, color and/or any basis prohibited under applicable federal and state law;

b. The Defendant is to be prohibited from continuing to maintain its illegal policy, practice, or custom of discriminating or retaliating against employees based on their race and color and is to be ordered to promulgate an effective policy against such discrimination and retaliation and to adhere thereto;

c. The Defendant is to compensate the Plaintiff, reimburse the Plaintiff, and to make the Plaintiff whole for any and all pay and benefits the Plaintiff would have received had it not been for the Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension and seniority. The Plaintiff should be accorded those benefits illegally withheld from the date he first suffered

8

        discrimination and/or retaliation at the hands of the Defendant until the date of verdict;

d.    The Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused to him by the Defendant's actions;

e.    The Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

f.    The Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

g.    Any verdict in favor of the Plaintiff is to be molded by the Court to maximize the financial recovery available to the Plaintiff in light of the caps on certain damages set forth in applicable federal law;

h.    The Plaintiff is to be granted such additional injunctive or other relief as he may request during the pendency of this action in an effort to ensure the Defendant does not engage – or ceases engaging – in illegal retaliation against the Plaintiff or other witnesses to this action; and

i.    The Court is to maintain jurisdiction of this action after verdict to ensure compliance with its Orders therein.

## DEMAND FOR JURY

Pursuant to Federal Rule of Civil Procedure 38(b) and otherwise, Plaintiff respectfully demands a trial by jury.

Respectfully submitted,

**Weisberg Cummings, P.C.**

September 23, 2022
Date

*/s/ Larry A. Weisberg*
Larry A. Weisberg
PA Bar I.D. #: PA83410
lweisberg@weisbergcummings.com

*/s/ Derrek W. Cummings*
Derrek W. Cummings
PA Bar I.D. #: PA83286
dcummings@weisbergcummings.com

*/s/ Steve T. Mahan*
Steve T. Mahan
PA Bar I.D. #: 313550
smahan@weisbergcummings.com

*/s/ Michael J. Bradley*
Michael J. Bradley
PA Bar I.D. #: PA329880
mbradley@weisbergcummings.com

2704 Commerce Drive Suite B
Harrisburg, PA 17110
(717) 238-5707
(717) 233-8133 (FAX)

Attorneys for Plaintiff